# UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

---

### No. 04-5187

---

**DELMER GARRETT,**
Plaintiff-Appellant

**vs.**

**SELBY CONNOR MADDUX & JANER,**
**JERRY MADDUX AND TOM JANER.**
Defendants-Appellees
**RICK ESSER, KAREN CARDEN WALSH**,
Defendants
**JOE L. WHITE, AND**
Defendant-Appellee
**CURTIS DeLAPP**
Defendant

---

**Appeal from the United States District Court**
**for the Northern District of Oklahoma**
**The Honorable James H. Payne Presiding**

---

**COMBINED BRIEF OF APPELLEES**
**SELBY CONNOR MADDUX & JANER, JERRY MADDUX,**
**TOM JANER AND JOE L. WHITE**

ORAL ARGUMENT NOT IS DESIRED

---

Joe L. White, OBA #10521
1718 West Broadway
Collinsville, OK 74021
(918) 371-2531
(918) 3577 facsimile

James W. Connor, Jr., OBA #12248
Thomas D. Hird, OBA #13580
Elizabeth A. Hart, OBA #18245
RICHARDS & CONNOR
525 South Main, 12th Floor
Tulsa, OK 74103
(918) 585-2394
(918) 585-1449 facsimile

# TABLE OF CONTENTS

**Page(s)**

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -i-

TABLE OF CASES, STATUTES AND OTHER AUTHORITIES . . . . . . . . . . . . . . . . . . . . -ii-

STATEMENT OF PRIOR OR RELATED APPEALS . . . . . . . . . . . . . . . . . . . . . . . . . . . . -iii-

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ARGUMENT AND AUTHORITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      PROPOSITION I:     This Appeal Should Be Dismissed As Frivolous, Malicious, and Abusive. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      PROPOSITION II:    This Action Represents an Attempt by Dwayne Garrett to Circumvent the Filing Restrictions Placed Upon Him. Delmer Garrett Does Not Have Standing to Raise Others' claims. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

      PROPOSITION III:   Dismissal Was Appropriate Due to Garrett's Failure to Cooperate in Discovery, Particularly His Failure to Appear at his Deposition. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

      PROPOSITION IV:   Garrett's Claims Are Barred by Issue Preclusion and/or Claim Preclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

      PROPOSITION V:    Garrett's Claims Are Barred by The Statute of Limitations. . . . . . 13

      PROPOSITION VI:   Garrett's Allegations Are Too Conclusory. . . . . . . . . . . . . . . . . . 15

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

## TABLE OF CASES, STATUTES AND OTHER AUTHORITIES

**Cases**:

*Allen v. McCurry*, 449 U.S. 90 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Bath v. Bushkin, Gaims, Gaines and Jonas*, 913 F.2d 817 (10th Cir. 1990) . . . . . . . . . . . 14

*Duhart v. Carlson*, 469 F.2d 471 (10th Cir. 1972) *cert. denied*, 410 U.S. 958 (1973) . . . 12

*Dunn v. White*, 880 F.2d 1188 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990) . . . . 15

*Kanatser v. Chrysler Corp.*, 199 F.2d 610 (10th Cir. 1952) . . . . . . . . . . . . . . . . . . . . . . . 6

*Ketchum v. Cruz*, 961 F.2d 916 (10th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*McDonald v. Lynn Hickey Dodge, Inc.*, 1999 OK 30, 979 P.2d 252 . . . . . . . . . . . . . . . . 13

*Montana v. U.S.*, 440 U.S. 147 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Oklahoma ex rel. Office of State Finance v. U.S.*, 292 F.3d 1261
10th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Pillay v. Immigration and Naturalization Service*, 45 F.3d 14 (2nd Cir. 1995) . . . . . . . . . 8

*Robinson v. Texhoma Limestone, Inc.*, 2004 OK 50, ___ P.3d ___ . . . . . . . . . . . . . . . . 13

*State Farm v. Dyer*, 19 F.3d 514 (10th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Theriault v. Silber*, 589 F.2d 302 (5th Cir. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 15

*Tran v Trustees of the State of Colorado*, 355 F.3d 1263 (10th Cir. 2004) . . . . . . . . . . . . 6

*Tripati v. Beaman*, 878 F.2d 351 (10th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Veiser v. Armstrong*, 688 P.2d 796 (Okla. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Winslow v. Hunter*, 17 F.3d 314 (10th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## STATEMENT OF PRIOR OR RELATED APPEALS

*Garret v. Esser,* 02-5050

*Garrett v. Esser*, 03-5120

*Garrett v. Schuler*, 03-7067

*Garrett v. Albert,* 04-6164

*Garrett v. Ok. Corp. Commission*, 02-5089

(All 10th Circuit.)

## STATEMENT OF THE CASE

This appeal arises from a November 1, 2004 order of the United States District Court for the Northern District of Oklahoma (hereinafter "District Court"), granting dismissal of this RICO-based action in favor of Appellees/Defendants Selby, Connor, Maddux & Janer, Jerry Maddux, Tom Janer, and Joe L. White (hereinafter "Attorneys"). The order also admonished pro se Appellant/Plaintiff Delmer Garrett (hereinafter "Garrett") that a further pattern of groundless and vexatious litigation would lead to the imposition of filing restrictions. Judgment was entered thereafter.

Garrett filed a timely but vexatious notice of appeal on November 29, 2004. Garrett filed a vexatious motion to disqualify all the judges on the Tenth Circuit on January 18, 2005. Garrett filed an improper and vexatious "informal" opening brief on February 14, 2005.

## STATEMENT OF FACTS

As stated by the District Court in another case filed by Delmer Garrett:

> This is one of many suits filed by Plaintiff, his son, and his wife's estate against judges, district attorneys, witnesses, and other persons involved in state and federal court proceedings surrounding the Garretts.

(*Garrett v. Walsh, et al.*, 00-CV-138-K, Order filed 4/26/00).

In fact, the Garretts have filed at least 20 civil cases in the United States District Court for the Northern District of Oklahoma *(See* 99-CV-407-K, 99CV-408-K, 99-CV-510-K, 99-CV-514-K, 99-CV-577-K, 99-CV-671-K, 99-CV-716-K, 99-CV-717-K, 99-CV-742-K, 99-CV-767-K, 99-CV-904-K, 99-CV-1000-K, 00-CV-138-E, 00-CV-195-E, 00-CV-225-H, 00-CV-225-K, 01-CV-668-E, 02-CV-16-P, 03-CV-409-EA, and 04-CV-395-P), not to mention

numerous cases in the Oklahoma state courts, as well as the other two Oklahoma federal district courts.

As noted above, the actions are all against persons (mainly attorneys and judges) involved in state and federal court proceedings surrounding the Garretts. These ongoing matters have been described in a complaint as follows: "I've had 18 years of humiliation from these same people . . this dog's going to bite." (*Garrett v. State of Oklahoma*, 00-CV-195-E). In a case filed ***back in 1999***, Delmer Garrett sued one of the Attorneys named herein and claimed **in 1999** that the alleged vendetta against his family had been "ongoing for years." (See *Garrett v. Lanning*, 99-CV-510-K, Complaint for Declaratory Relief and Damages filed June 29, 1999). The Garretts began suing various judges and attorneys (including the instant Attorneys), and alleging RICO violations well over five years ago. (See, *e.g.*, *Dwayne Garrett, Ruth Garrett's Estate v. State of Oklahoma, et al.*, 99-CV-716-K, Complaint filed August 26, 1999; *Dwayne Garrett, Ruth Garrett's Estate v. State of Oklahoma, et al.*, 99-CV-717-K, Complaint filed August 26, 1999).

The District Court properly reached a point where enough was enough and it took action against these frivolous filings. On November 13, 2000, Senior Judge James O. Ellison labeled Dwayne Garrett a "hobbyist litigator" who has "plagued the federal courts with frivolous lawsuits," and issued an order imposing restrictions on Dwayne Garrett and enjoining him from proceeding as a plaintiff in the District Court unless he is represented by a licensed attorney admitted to practice in this Court or unless he first obtained permission

to proceed pro se. (See doc 29, Exhibit A). These restrictions have been upheld by this Court on appeal. See, e.g., 02-5050, 03-5120.

Undaunted and undeterred, Dwayne Garrett proceeded to obtain a post office box in Muskogee, Oklahoma, and filed an action in the United States District Court for the Eastern District of Oklahoma on April 2, 2003 (*Garrett v. Esser, et al.*, CIV 03-184-W). Attorneys Maddux and Janer were included as defendants in this Eastern District action, and among other things, they were alleged by Plaintiff Garrett to have "diseased minds." (See Complaint filed 4/2/03). Judge Frank H. Seay properly transferred the case to the Northern District of Oklahoma, and in dismissing the case, Judge Claire V. Eagan had sharp words for Dwayne Garrett:

> Garrett's filing of this lawsuit in the Eastern District is a blatant attempt to circumvent [the 11/13/00 restrictions] order.
>
> Each of the defendants named in this lawsuit has been sued by plaintiff and/or a family member in the Northern District at least three times. *See* 99-CV-407-K, 99-CV-408-K, 99-CV-577-K, 99-CV-716-K, 99-CV-717-K, 99-CV-742-K, 99-CV-767-K, 99-CV-904-K, 99-CV-1000-K, 00-CV-195-E, 00-CV-225-K, 02-CV-16-P. Each case has been resolved in defendants' favor, but not without significant time and expense on the part of these defendants and others. The Court has ordered monetary sanctions to be paid by Garrett in at least four of these lawsuits, *see* 99-CV-407-K, 99-CV-904-K, 99-CV-1000-K, 00-CV-225-K, but there is no record that he has ever paid the amounts for which he was sanctioned . . .

(See Doc 29, Exhibit B).

In the instant case, Dwayne Garrett callously inserted his 80-plus-year-old father's name as plaintiff so as to avoid the filing restrictions. Delmer Garrett has served as a plaintiff or co-plaintiff in various other Dwayne-Garrett-engineered lawsuits in the past, but

is now put front and center as plaintiff to make Dwayne Garret's allegations for him. All twenty of the other actions filed by the Garrett family (except the fraudulent action filed from a post office box in Muskogee) have been initiated from the same box number in Ramona, Oklahoma. The instant case was as well. The design and style of writing in all cases, including the instant case, have been the same. The case has all the earmarks of a Dwayne Garrett action.

As if to erase all doubt that Delmer Garrett is not really prosecuting the instant case and Dwayne Garrett really is, on October 22, 2004, "Delmer" Garrett filed a motion to add <u>Dwayne</u> Garrett as a plaintiff. The motion alleges that Dwayne Garrett could be named as plaintiff "under the same theory" as Delmer Garrett (doc 36 at 1). This effectively confirms Dwayne Garrett as the real party behind this action, and the real party in interest.

In short, it is clear this lawsuit is a sham, engineered by Dwayne Garrett, not Delmer Garrett, and further that Dwayne Garrett is illegally practicing law without a law license.

Because of this, the Attorneys noticed Delmer Garrett for a deposition. The Attorneys gave Delmer Garrett notice in several different ways, and attempted repeatedly to conduct initial discovery preparations with him. In spite of all the Attorney's efforts, Delmer Garrett failed to appear for the deposition. (See Doc 29, Exhibit C).

The Attorneys filed motions to dismiss (docs 16 and 29). Dismissal due to Delmer Garrett's failure to appear at his deposition is only one of many bases for dismissal presented in the motions. Other reasons are: Plaintiff's allegations are vague and conclusory, especially since RICO allegations must be plead with particularity; Delmer Garrett has not

alleged any injury and has no standing to rest his claim of relief on the rights or interests of third parties; Plaintiff's claims are barred by the statute of limitations; Plaintiff's claims are barred by issue preclusion and/or claim preclusion; Plaintiff's claims are actually brought by Dwayne Garrett, who has not complied with the Court's restrictions placed upon him; Dwayne Garrett is practicing law without a license; and Plaintiff has failed to comply with discovery and committed discovery abuse.

In response to the Attorneys' motions to dismiss, Garrett filed motions to strike, urging the District Court to deny the Attorneys' motions to dismiss (docs 19 at 2 and 30 at 3). These documents are more notable for what they fail to challenge than what they do challenge. Almost all of the Attorney's grounds for relief were unaddressed and thereby conceded by Garrett. Left unchallenged, for example, is the Attorney's contention that Dwayne Garrett is using his 82-year-old father as an alter ego in order to continue his harassing ways without complying with the filing restrictions imposed upon him. Also left unexplained is Delmer Garrett's failure to appear at his deposition.

The District Court granted the Attorneys' motions to dismiss on November 1, 2004. Dismissal was appropriate for a number of reasons.

## SUMMARY OF ARGUMENT

The Court should invoke its inherent powers and dismiss this appeal with prejudice as a frivolous and particularly malicious abuse of the courts. Alternatively, there are numerous bases by which this Court is duty bound to affirm the District Court's judgment. Other reasons include: Garrett's claims are actually brought by Dwayne Garrett, who has not

complied with the Court's restrictions placed upon him; Dwayne Garrett is practicing law

without a license;  Delmer Garrett has not alleged any injury and has no standing to rest his

claim of relief on the rights or interests of third parties; Garrett's claims are barred by the

statute of limitations; Garrett's claims are barred by issue preclusion and/or claim preclusion;

Garrett failed to appear for his deposition and committed discovery abuse; and Garrett's

allegations are vague and conclusory, especially since RICO allegations must be plead with

particularity.  The District Court's judgment was correct and should be affirmed.

## ARGUMENT AND AUTHORITY

### INTRODUCTION

This Court is free to affirm a district court's decision on any appropriate ground.

*Oklahoma ex rel. Office of State Finance v. U.S.*, 292 F.3d 1261, 1264 (10th Cir. 2002), *cert.*

*denied* 537 U.S. 1188 (2003).  Indeed, if there be any legal basis upon which to affirm, it is

the *duty* of the Court to do so.  *Kanatser v. Chrysler Corp.*, 199 F.2d 610, 616 (10th Cir.

1952), *cert. denied* 344 U.S. 921 (1953).

In addition, it should be noted that Garrett's opening brief fails to address many of the

issues in this case.  Issues not raised in an appellant's opening brief are waived.  *Tran v.*

*Trustees of the State of Colorado*, 355 F.3d 1263, 1266 (10th Cir. 2004).

### PROPOSITION I:  This Appeal Should Be Dismissed As Frivolous, Malicious, and Abusive.

At the district court, Garrett accused counsel of being "idiotic" and "unschooled and

untrained in the legal arts," (Doc 14 at 2), of knowing "only enough about facts, law, and

procedure to obstruct justice," (Doc 19 at 2), and wondered whether counsel or Judge Payne lacked "mental acuity." (doc 30 at 2).

On appeal, Garrett's abusive tone escalated considerably, and the harassing nature and purpose of Garrett's case became has become impossible to ignore. To make matters worse, his bile is directed at decent and honorable judges who have spent their lives in public service.

Even the notice of appeal itself is an affront to decency and justice. Among other things, the notice of appeal advocated for the Honorable James H. Payne's impeachment, and called him a "spoiled brat." (Doc 41 at 1-2).

Next, Garrett maligned the judges of this honorable Court, as well as continuing his harassment of Judge Payne. In his motion to disqualify every judge in this circuit[1], Garrett stated that

- the "full panel of tenth circuit judges is incompetent and dishonest." (at p. 1).
- full panel "aided and abetted the commission of felony fraud" (p. 2)
- full panel "lied" (p. 2)
- full panel "aided and abetted felony extortion" (p. 2)
- full panel committed "criminal misconduct" (p. 3)
- Judge Payne committed a "rape" of the Constitution (p. 3) and
- Judge Payne should have been "terminated... prosecuted and sent to prison" (p. 6)

(Motion to Disqualify Judges, filed in this Court on January 18, 2005).

Garrett's opening brief is an absolute outrage. It reaches all new lows. The following are a few of the most objectionable statements contained therein:

---

[1]This motion to disqualify all the judges of this Court is a favorite of _Dwayne_ Garrett, not Delmer. See, e.g., appeal ## 03-7067, 04-6164.

- Judge Payne "presumed himself to be God Almighty... no matter what any old rule might say" (p.3)

- "[Judge Payne and his "business associates"] could all make some money off Delmer Garrett and ...screw Delmer Garrett" (p. 3)

- Judge Payne is "obsess[ed] with hurting people for money" (p. 3)

- Judge Payne was "childish" (p. 3)

- Judge Payne "is either so dumb he is pathetic or James Payne is nothin in the world but an out and out crook" (p. 3)

- Judge Payne "doesn't know what a fact is" (p. 4)

- "Judge Payne is obviously a cry baby who gets willy willy upset when anyone dares to question whether James Payne is God or perhaps even higher than God" (p. 4)

- Judge Payne has been "screwin' [the American people] out of money and property and aiding and abetting such heinous acts as wrongful death" (p. 4)

- "the court clerk of the Northern Federal District willingly assists parties with diseased minds[2] such as James Payne give people a really , really good screwin'" (p. 5) and

- "To the diseased mind of James Payne, 'business associates, they don't gotta' answer nothing 'cuz, we ain't in no court of law here where some rules apply; I'm, uh, I'm above God, 'n I make the rules cuz my bar friends need to rob people to make a livin' and I like screwin' people.'" (p. 6)

(Appellant's Brief, filed in this Court on February 14, 2005).

The Court does not have to put up with this. Garrett's action is both frivolous ***and***

***malicious***. While Garrett is not proceeding *in forma pauperis*, this Court has inherent

authority to allocate scarce judicial resources and dismiss frivolous or malicious appeals.

*See, e.g., Pillay v. Immigration and Naturalization Service*, 45 F.3d 14 (2nd Cir. 1995). And,

this Court has stated numerous times that there is no constitutional right of access to the

courts to prosecute an action that is frivolous or malicious. *See, e.g., Winslow v. Hunter*, 17

F.3d 314, 315 (10th Cir. 1994); *Ketchum v. Cruz*, 961 F.2d 916, 921 n. 4 (10th Cir. 1992);

*Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989).

---

[2]A favorite slur of *Dwayne* (not Delmer) Garrett is to accuse attorneys and judges of having "diseased minds." See, e.g., *supra*, at page 3.

In *Theriault v. Silber*, 579 F.2d 302 (5th Cir. 1978), it was noted that there is a

time honored notion that the law and the courts of the United States are
important parts of American society worthy of respect. This court simply will
not allow liberal pleading rules and pro se practice to be a vehicle for abusive
documents. Our pro se practice is a shield against the technical requirements
of a past age; it is not a sword with which to insult a trial judge.

*Id.* at 303.

The Court dismissed the pro se litigant's appeal with prejudice due to his repeated

filing of an abusive document. In the instant case, this Court has had to put up with an

abusive notice of appeal, an abusive motion to disqualify all the judges of the Tenth Circuit,

and now an ***outrageously*** abusive opening brief. Enough is enough. This appeal should be

dismissed as frivolous, abusive and malicious.

> **PROPOSITION II:** **This Action Represents an Attempt by Dwayne
> Garrett to Circumvent the Filing Restrictions
> Placed Upon Him. Delmer Garrett Does Not
> Have Standing to Raise Others' Claims.**

This action has all the earmarks of a Dwayne Garrett action, referencing Dwayne

Garrett's state actions, criminal actions, bankruptcy actions, divorce actions and even

specifically alleging the Attorneys "machinated a malicious prosecution of <u>Dwayne</u> Garrett."

(Doc 1 at 4). These matters refer to <u>Dwayne</u> Garrett and have been the subject of numerous

prior cases resolved in favor of the Attorneys. Indeed, most of the allegations reference

Carlotta Gordon, who is <u>Dwayne</u> Garrett's ex-wife. (see also Doc 23, which appears to have

been drafted by someone other than Delmer Garrett and refers to matters concerning Dwayne

Garrett). After blatantly making allegations in the complaint that pertain to Dwayne, not

Delmer, Garrett, proof that this is Dwayne Garrett's case is provided by the filing of the

motion to add Dwayne Garrett as a party (doc 36). The motion even alleges that Dwayne

Garrett could be named as plaintiff "under the same theory" as Delmer Garrett (doc 36 at 1).

The Attorneys filed motions to dismiss alleging, among other things, that this was

really a Dwayne Garrett action filed in contravention of the filing restrictions (see, e.g., Doc

16 and 29). In response to the Attorneys' motions to dismiss, Garrett filed motions to strike,

urging the District Court to deny the Attorneys' motions to dismiss (docs 19 at 2 and 30 at

3). Garrett failed to even address the standing and filing restriction issues raised by the

Attorneys.

Dwayne Garrett should not be allowed to circumvent the filing restriction order (an

order affirmed by this Court) by having his elderly father sign his filings for him.[3]

Furthermore, Delmer Garrett clearly does not have standing to raise his son's claims. The

District Court's order can be affirmed on this ground as well.

**PROPOSITION III:**      **Dismissal Was Appropriate Due to Garrett's Failure to Cooperate in Discovery, Particularly His Failure to Appear at his Deposition.**

The Attorneys decided to depose Delmer Garrett in order to show that this lawsuit is

a sham. It was the Attorney's belief that in questioning Delmer Garrett, they would find that

Delmer Garrett had no claims against them, was not injured by them, and that in fact this

lawsuit was engineered by Dwayne Garrett rather than Delmer Garrett in order to harass the

Attorneys and the court.

---

[3]Just exactly who is signing Garrett's filings is also in question. A cursory examination of the filings in this appeal, e.g., Garrett's entry of appearance (filed December 13, 2004), motion to disqualify (filed January 18, 2005), and opening brief (filed February 14, 2005) reveals that they were not all signed by the same person.

The Attorneys were correct in their beliefs, as Delmer Garrett failed to appear for the deposition. Further, when the Attorneys filed a motion dismiss pursuant to Fed. R. Civ. P. 37 based upon Garrett's failure to appear, Garrett completely failed to provide an explanation or even address his absence in response. (See doc 29, Exhibit C; doc 30). Garrett's failure to appear occurred after the Attorneys talked to Garrett by phone, notified him in writing twice, and after Garrett admitted on record he was aware of the deposition in his "Joint Status Report" filed in the District Court on August 17, 2004 (see doc 29; doc 29 at Exhibit C, sub-Exhibit 2, p. 3). Garrett cannot say that he was unaware of the deposition, nor has he attempted to refute any of the allegations of this paragraph.

All of this, in conjunction with Garrett's failure to cooperate in all discovery despite the Attorney's phone calls and letters to Garrett, merited the sanction of dismissal in this case. Dismissal was especially warranted due to the fact that the Garretts have shown themselves unwilling to obey the Court's orders, and are undeterred by monetary sanctions. As Judge Eagan noted in her order of June 23, 2003, the Court has ordered monetary sanctions on at least four of the previous 20 lawsuits, but the evidence shows no payments have ever been made. (See doc 29, Exhibit "B"). The penalty of dismissal was proper in this case.

**PROPOSITION IV:**     **Garrett's Claims Are Barred by Issue Preclusion and/or Claim Preclusion.**

In the District Court, the Attorneys asked the court to take judicial notice of the at least twenty (20) previous actions filed by the Garretts in that court, as is permissible

pursuant to *Duhart v. Carlson*, 469 F.2d 471, 473 (10ᵗʰ Cir. 1972) *cert. denied*, 410 U.S. 958 (1973) (*See* 99-CV-407-K, 99CV-408-K, 99-CV-510-K, 99-CV-514-K, 99-CV-577-K, 99-CV-671-K, 99-CV-716-K, 99-CV-717-K, 99-CV-742-K, 99-CV-767-K, 99-CV-904-K, 99-CV-1000-K, 00-CV-138-E, 00-CV-195-E, 00-CV-225-H, 00-CV-225-K, 01-CV-668-E, 02-CV-16-P, 03-CV-409-EA, and 04-CV-395-P).

Both Delmer and Dwayne Garrett have filed numerous lawsuits containing the same vague allegations, citing the same criminal statutes, alleging perjury in the Dwayne Garrett divorce case, for example, over and over again. Judge Eagan noted in her 6/23/03 order quoted above, for example, that Garretts have made the same allegations against Attorney Maddux in five prior lawsuits in the Northern District alone.

Once a court has decided an issue of fact or law, that decision may preclude re-litigation of the issue in a suit on a different cause of action. *See, e.g., Veiser v. Armstrong*, 688 P.2d 796, 800 n. 9 (Okla. 1984). The decision in a previous case precludes re-litigation of the issue *"in a suit on a different cause of action involving a party to the first case." Id.* (Emphasis in original), *citing Allen v. McCurry,* 449 U.S. 90, 96 (1980); *Montana v. U.S.*, 440 U.S. 147, 153 (1979).

Further, a "judgment in an action bars the parties (or their privies) from relitigating not only the adjudicated claim, but also any theories or issues that were actually decided *together with those which could have been decided in that action*." *Robinson v. Texhoma Limestone, Inc.*, 2004 OK 50, 100 P.3d 673, 676 (emphasis in original) *citing McDonald v. Lynn Hickey Dodge, Inc.,* 1999 OK 30, 979 P.2d 252, 255-56. It should also be noted that

a ruling on motion to dismiss is generally viewed as a decision on the merits, with full res judicata effect. *State Farm v. Dyer*, 19 F.3d 514, 518 n. 8 (10th Cir. 1994),

Both Delmer and Dwayne Garrett have been before this Court many times before. They have had their day in court many times and have lost. The admission in Garrett's motion to add Dwayne Garrett as party that Dwayne Garrett could be added "under the same theory" as Delmer Garrett (doc 36 at 1) lends even more power to the issue preclusion/claim preclusion argument, and implicates all of Dwayne Garret's prior filings as well as Delmer's.

The issue preclusion/claim preclusion bar is one that Garrett cannot overcome. Any amendment of his pleading would be futile. Accordingly, the District Court's granting of the Attorney's motions to dismiss can be affirmed on this ground alone.

### <u>PROPOSITION V:</u>   Garrett's Claims Are Barred by The Statute of Limitations.

In a case filed in the District Court in 1999, Delmer Garrett sued one of the Attorneys named herein and claimed **in 1999** that the alleged vendetta against his family had been "ongoing for years." (See *Garrett v. Lanning*, 99-CV-510-K, Complaint for Declaratory Relief and Damages filed June 29, 1999). The Garretts began suing various judges and attorneys (including the instant Attorneys) in the District Court, and alleging RICO violations, well over five years ago. (See, *e.g.*, *Dwayne Garrett, Ruth Garrett's Estate v. State of Oklahoma, et al.*, 99-CV-716-K, Complaint filed August 26, 1999; *Dwayne Garrett, Ruth Garrett's Estate v. State of Oklahoma, et al.*, 99-CV-717-K, Complaint filed August 26, 1999).

The statute of limitations for RICO claims is <u>four</u> years. *Bath v. Bushkin, Gaims, Gaines and Jonas*, 913 F.2d 817, 820 (10th Cir. 1990). The instant complaint was filed May 7, 2004, and the Garretts try to plead around the statute of limitations by vaguely alleging that the RICO violations began earlier but only culminated four years ago in May 2000. However, the date violations culminated is not reflective of when the statute of limitations accrues. Rather, a RICO claim must be brought within four years after the earliest time the cause of action <u>could</u> have accrued. *Id.*

This action is another re-pleading of RICO violations, and "Delmer" Garrett has conceded that "Dwayne" Garrett has the "same theory" as Delmer in this case. This Court can take judicial notice of the fact that the Garretts have been filing actions (including RICO actions) against the Attorneys in the District Court since 1999. Thus, pursuant to the Garrett's own previous pleadings, Garrett not only should have discovered but <u>had</u> discovered the alleged RICO activity. As such, the instant lawsuit, filed May 7, 2004, is well outside the four-year RICO statute of limitations. This is another fatal defect that cannot be cured by amendment. Garrett's claims are barred by the four-year statute of limitations for RICO claims, and the District Court's judgment should be affirmed.

**<u>PROPOSITION VI</u>:** **Garrett's Allegations Are Too Conclusory.**

Garrett has the burden of alleging sufficient facts on which a recognized legal claim can be based. Garrett's complaint is based on RICO, which must be pled with particularity, and his allegations are far too vague and conclusory to state a claim. Conclusory allegations

without supporting factual averments are insufficient. *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990).

The Attorneys submit Garrett's allegations are so vague and conclusory because they have no substance and their only purpose is to harass. A review of the history of this case reveals as much. By the same token, such a review also reveals that any amendment of his pleading would be futile. (Regarding vague and conclusory claims, see also Doc. 29 at 5-7).

## CONCLUSION

As noted above, there is a "time honored notion that the law and the courts of the United States are important parts of American society worthy of respect." *Theriault,* 579 F.2d at 303. The Garretts are making a mockery of this notion. It sickens the undersigned to see decent and honorable jurists like Judge Payne maligned and the American system of justice mocked. The Court should not reward such conduct. For all the reasons presented herein, the District Court's judgment should be affirmed in its entirety, or in the alternative this appeal should be dismissed with prejudice.

## STATEMENT REGARDING ORAL ARGUMENT

Counsel do not request oral argument.

Respectfully submitted,


_____s/ James W. Connor, Jr._____
James W. Connor, Jr., OBA #12248
Thomas D. Hird, OBA #13580
Elizabeth A. Hart, OBA #18245
RICHARDS & CONNOR
525 South Main, 12th Floor
Tulsa, Oklahoma 74103
(918) 585-2394
(918) 585-1449 (Facsimile)
jconnor@richardsconnor.com

ATTORNEYS FOR SELBY, CONNOR,
MADDUX & JANER, JERRY MADDUX
and TOM JANER

and

Joe L. White, OBA #10521
1718 W. Broadway
Collinsville, OK 74021
(918) 371-2531
(918) 371-3577 (Facsimile)

PRO SE

16

## CERTIFICATE OF MAILING

This is to certify that on the 9th day of March, 2005, a true, correct and exact copy of the above and foregoing instrument was mailed via United States mail, proper postage paid thereon to the following:

Delmer Garrett
38510 U.S. Highway 75
Ramona, OK 74061

<u>*s/ James W. Connor, Jr.*</u>
James W. Connor, Jr.

## <u>CERTIFICATE OF DIGITAL SUBMISSION</u>

This is to certify that:

(1)     all required privacy redactions have been made and, with the exception of those redactions, this brief is an exact copy of the written brief filed with the Clerk (other than the digital signature and this certificate), and

(2)     the digital submission has been scanned for viruses with McAfee Security Virus Scan 7.0.0, most recent update 3/9/05, and according to the program, is free of viruses, and

(3)     a compact disc of this brief was mailed, along with the written brief, via U.S. Mail, with proper postage fully prepaid thereon, to:

> Delmer Garrett
> 38510 U.S. Highway 75
> Ramona, OK 74061

*s/ Thomas D. Hird*
Thomas D. Hird

R:\7130\Plea\electronic filing appeal brief (1522).wpd